TO BE PUBLISHED

# Supreme Court of Kentucky

2005-SC-0826-KB

DATE Dec 6, 05 ElA Group PA

RUSSELL L. CROLEY                                                                  MOVANT
KBA NO. 15853


V.                                            IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                         RESPONDENT


## OPINION AND ORDER


Russell L. Croley, KBA Member No. 15853, whose last bar roster address is Oak Tree Plaza, Suite 1A, 1601 W. Everly Brothers Blvd, Central City, KY 42330, was admitted to the practice of law in 1976. Croley moves this Court, through counsel and through agreement with the Kentucky Bar Association, to sanction him with public reprimand for violations of SCR 3.130-1.3, SCR 3.130-1.4(a), SCR 3.130-1.8(h), and SCR 3.130-5.3.

On September 22, 1998, a husband and wife retained Croley to represent them in a personal injury case arising out of an automobile accident that occurred on September 10, 1998. Croley collected and obtained documentary evidence to support the case, including medical records, bills, and photographs. In May 1999, the husband's medical treatment was completed. By that time, however, Croley failed to either effectuate a settlement or timely file the lawsuit.

In September 2002, after many unanswered telephone calls to Croley, the wife called the circuit clerk's office and discovered that Croley had failed to file the lawsuit on the husband's behalf. She then contacted the insurance company and discovered that the time for filing the claim had passed.

On September 21, 2002, they sent a letter to Croley demanding to know the status of the case. Two meetings ensued. At the first, Croley informed the clients that he failed to file the lawsuit in a timely manner because his office staff had not entered the deadline on the calendaring system. At the second meeting, Croley attempted a settlement for $25,000. He did not advise them in writing that they should seek the advice of another attorney. Rather, he delivered a $5,000 check to them, which was not cashed.

The clients sought other counsel and eventually filed a professional negligence lawsuit against Croley. This case was settled between the parties in the amount of $141,000.

Croley admits violating all four Charges from the Inquiry Commission: SCR 3.130-1.3 by failing to diligently pursue a settlement in his client's case, and by failing to file a lawsuit prior to the expiration of the statute of limitations; SCR 3.130-1.4(a) by failing to adequately communicate with his clients in failing to return phone calls or otherwise respond and by failing to respond to the clients' requests for information; SCR 3.130-1.8(h) by attempting to settle a professional negligence claim with his client without first advising them in writing that independent representation is appropriate; and, SCR 3.130-5.3 by failing to properly supervise his nonlawyer staff by alleging that his secretary failed to properly calendar the filing deadlines.

In its brief to this Court, the KBA urges a public reprimand as the appropriate sanction. It cites several cases that have issued public reprimand for failure to file a lawsuit on the client's behalf prior to the running of the statute of limitations. In addition to the failure to file timely this lawsuit, Croley offered a $25,000 settlement for a $141,000 case to unrepresented clients. Furthermore, he blamed his secretary for the calendaring mistake when the clients had repeatedly called for the previous four years. Croley, with nearly 30 years of practice, has acknowledged his misconduct and states that he has implemented more effective office procedures for calendaring deadlines.

This incident marks the first time lawyer discipline will be imposed upon Croley. He has settled the matter with these clients and he claims that he will not have a similar calendaring mistake in the future. He also admits the violations listed above.

THEREFORE, IT IS HEREBY ORDERED:

1.      Russell L. Croley is publicly reprimanded for violations of SCR 3.130-1.3, SCR 3.130-1.4(a), SCR 3.130-1.8(h), and SCR 3.130-5.3.

2.      Pursuant to SCR 3.450, Croley is directed to pay all costs associated with these disciplinary proceedings in the amount of $8.15, for which execution may issue from this Court upon finality of this Order.

All concur.

ENTERED: November 23, 2005.

_____
Chief Justice

3

ATTORNEY FOR MOVANT:

Douglas W. Gott
Bell, Orr, Ayers and Moore
1010 College Street
P.O. Box 738
Bowling Green, KY 42102-0738

ATTORNEY FOR RESPONDENT:

Bruce K. Davis
Executive Director

Dana Cox Nickles
Deputy Bar Counsel
Kentucky Bar Association
514 West Main Street
Frankfort, KY 40601

4